Chicago Housing Authority, Appellant, v. Stanley Molis, Appellee.

Gen. No. 44,435.

Opinion filed November 3, 1948.   Released for publication December 2, 1948.

ROBERT A. SNOW, Chicago Housing Authority, for appellant; EDWARD J. FRUCHTMAN and HELEN HART JONES, of counsel.

ALBIN HIRSCH, of Chicago, for appellee.

MR. JUSTICE LEWE delivered the opinion of the court.

This is an action of forcible detainer for possession of an apartment, number 839 in the housing project at 844 South Racine avenue, in the City of Chicago.  At the close of plaintiff's evidence defendant's motion for a directed verdict was allowed and judgment entered accordingly.  Plaintiff appeals.

The sole issue presented relates to the construction of the phrase "other housing facilities" in section 2 of

the McCarthy Act (sec. 2, Public Law 301, 80th Congress, First Session, 1947) which reads as follows:

"Sec. 2. The United States or any State or local public agency assisted by Federal funds made available with respect to housing shall continue to have the right to maintain an action or proceeding to recover possession of any housing accommodations (except as provided in the proviso of section 209(b) of the Housing and Rent Act of 1947) operated by it where such action or proceeding is authorized by the statute or regulations under which such accommodations are administered, but no such action or proceeding shall be maintained prior to March 1, 1948, if in the opinion of the administering authority such action or proceeding would result in undue hardship for the occupants of such housing accommodations, or unless in the opinion of such authority *other housing facilities* are available for such occupants."

The housing project in which the apartment in controversy is located is operated by plaintiff in accordance with the grant-in-aid financing scheme established in the United States Housing Act of 1937 as amended (42 USC sec. 1401 *et seq.*) and the Housing Authorities Act of 1934 as amended (Ill. Rev. Stat. 1947, ch. 67½, secs. 2, 8 [Jones Ill. Stats. Ann. 63.02, 63.08].)

September 8, 1947, plaintiff established a policy of evicting families with three or fewer dependents and with annual incomes in excess of $5,000, where the eviction would not result in "undue hardship" to the family and "other housing facilities" are available. The premises here involved are occupied by defendant, his wife and daughter. In 1946 defendant earned $10,063, and during the period from January 1, 1947 to March 31 of the same year he earned $3,000. Projecting defendant's earnings in 1947 over a fifty-week period would give a total gross income in 1947 of $8,591. The undisputed evidence shows that in the Chicago Metropolitan Area there is no substantial rental housing available, and that purchase housing is

available and can be secured with a down payment of $1,000 or $1,500.

Plaintiff is a public charity, and its primary purpose is to operate the premises which defendant occupies for the benefit of low-income families.

Section 24, chapter 67½, Illinois Revised Statutes 1947 [Jones Ill. Stats. Ann. 63.19(5)], provides, among other things, that each housing authority shall manage and operate its housing projects in an efficient manner so as to enable it to fix the rentals for dwellings at the lowest possible rates consistent with its providing decent, safe and sanitary dwellings, and that no housing authority shall construct or operate any such project for profit, or as a source of revenue to a city, village, incorporated town, or county.

From time to time, pursuant to sections 24 and 25, ch. 67½, plaintiff has established maximum income limitations, and only those persons are eligible for tenancy who belong to a designated low-income class. (*Krause v. Peoria Housing Authority*, 370 Ill. 356; *Springfield Housing Authority v. Overaker*, 390 Ill. 403.)

During World War II removal of excess-income families was prohibited. In this period many family incomes had risen far beyond the maximum theretofore allowable.

Afterwards on June 30, 1947, Congress restored plaintiff's power to evict tenants having excess incomes. (Housing and Rent Act, 1947, sec. 209(b).) (Public Law 129, 80th Congress, First Session, 61 Stat. 493.) From a reading of the remarks of Senators Ellender, McCarthy and Taft in the debate (Congressional Record, 80th Congress, First Session, vol. 93, May 29, 1947, page 6194) relative to section 209(b), there can be no doubt that the purpose of Congress in granting unrestricted power to evict excess-income families was to preserve public housing projects exclusively for low-income families. (See *Paxson v. Smock*, 73 F. Supp. 793.)

. Defendant maintains that section 2 of the McCarthy Act was designed to protect "renters" and that since it is conceded rental housing is unavailable, defendant cannot be evicted despite the fact that he is financially able to pay for other and better available living quarters and even though purchase housing is available. Implicit in defendant's contention is the abandonment by Congress of its policy of maintaining public housing projects for low-income families and likewise the defeat of the principal purpose of plaintiff's existence. In our view this construction is not consonant with the legislative history of the McCarthy Act nor the underlying policies of the National and State housing and rent acts. We therefore hold that the phrase "other housing facilities" appearing in section 2 of the McCarthy Act includes housing available for purchase.

For the reasons assigned, the judgment is reversed and the cause is remanded for further proceedings not inconsistent herewith.

*Reversed and remanded.*

BURKE, P. J., and KILEY, J., concur.